# Thompson Boyce *against* Hugh Moore.

### S. C. 2 Dall. 196.

Protest of the captain of a ship must be made at the first port where he arrives after the vessel's misfortune; otherwise it shall not be received in evidence.

SUIT on a policy of insurance on the schooner Polly, at and from Cape Francois, to Alexandria in Virginia.

To prove the loss of the vessel, a protest of the captain made at Alexandria on the 22d September 1786, was attempted to be read in evidence; but this was objected to, as it appeared that the master and ·crew had arrived at Newburyport in Massachusetts, after the supposed misfortune on the 14th August preceding, and that the master had travelled from thence to Alexandria before he made his protest. They contended on the authority of Richette *v.* Stewart et al. (Dallas 318) that the protest should be made at the first port after the vessel had been damaged.

On the part of the plaintiff it was said, that the captain had not money at Newburyport to pay the expense of a protest, and therefore it was an exception to the general rule.

By the court. It appears that the captain travelled from Newburyport to Alexandria before he made his protest. How could this long journey be performed without money? The pretext for not making his protest at the first port furnishes additional ground for suspicion. We adhere to our determination in the case of Richette *v.* Stewart et al. A protest is defined (Wesket 432) to be "a declaration upon "oath, usually made by the master and some of his people, "before a justice, notary, or consul, at any place where they "first arrive." The maritime law requires it to be made at the first port of arrival, and must be founded on this reason, that at such port if any fraud is intended, it can be most easily detected; it is the best guard against any subsequent collusion. The safety of the trading world depends greatly on using every prudent precaution with respect to protests, which are *202] made by masters of vessels, in vindication of, * or excuse for their own conduct. The exceptions to the general rule must be satisfactorily proved, which not being done in this instance, the present protest cannot be read in evidence.

Plaintiff nonsuit.

Messrs. Lewis and Levy, *pro quer.*

Messrs. Sergeant and Ingersoll, *pro def.*

In Gordon *v.* Little, 8 S. & R., 549, the court refused to admit in evidence a protest in a case of inland navigation.